69 So.2d 344 (1954)
BROCK
v.
STATE.
Supreme Court of Florida. En Banc.
January 5, 1954.
*345 C.A. Avriett, Jasper, for appellant.
Richard W. Ervin, Atty. Gen., and Bart L. Cohen, Asst. Atty. Gen., for appellee.
SEBRING, Justice.
The defendant below has appealed from a judgment of the Circuit Court for Columbia County finding him guilty of murder in the first degree. There is no controversy about the circumstances under which the deceased, Tommy Joe Brock, the 5-year old son of the defendant, met his death, or the fact that the defendant killed the child by grasping him by the legs and dashing his head against a tree.
The record shows that after a violent quarrel with his wife, culminating a long period of stress and separation between the parties, the defendant grabbed the child, deposited it in his automobile, and fled from a neighbor's home in which the defendant and his wife had been quarreling. After traveling a short distance he abandoned the car and ran into a swamp, with the struggling and screaming boy in his arms. Mrs. Brock called the sheriff and when he arrived a searching party was organized. Later that night, the party found the defendant on the edge of the swamp and took him into custody. At that time he was in an incoherent state and kept remarking that he had "sent the boy to Heaven." After being locked up in jail he made the statement, among others, "I tried to drown the baby and my nerves failed me, and then I taken and beat him up against a tree." The following morning the defendant directed a searching party to the scene of the confessed crime and the body of the child was found at the base of a tree under circumstances confirming the defendant's latter version of the death.
As the reason for this brutal homicide the defendant voluntarily confessed to a deputy sheriff that he killed the baby because "his wife was getting a divorce * * * and he thought the Court was going to give her the baby, and he would rather see it dead than for her to raise it; that she was the cause of [another] son being in Raiford and he would rather see this baby dead than to have her raise it." From this, and other uncontroverted evidence on the same issue, the jury had the right to find that there was a premeditated design on the part of the defendant to kill his child. See Robinson v. State, 148 Fla. 153, 3 So.2d 804.
The only real issue in the case is as to the question of insanity. After the grand jury had returned an indictment against the defendant his attorney filed a suggestion of insanity and requested a medical examination pursuant to the provisions of section 917.01, Florida Statutes 1951, F.S.A., contending in the petition that the accused should not be put to trial by reason of being insane at the time of indictment as well as at the time of the commission of the offense. The trial court appointed a psychiatrist and a physician to conduct the examination. The psychiatrist concluded that the defendant was sane. *346 The physician concluded that he was insane. On this and other evidence adduced at an open hearing the trial judge concluded that the accused was legally sane and that the trial should go forward. We find no error in this ruling.
Under our statute, as at common law, a hearing upon the issue is obligatory if a reasonable doubt is raised as to the defendant's sanity. Sec. 917.01, Florida Statutes 1951, F.S.A.; 14 Am.Jur., Criminal Law, sec. 44. The general rule is that "the report on accused's sanity by the * * * investigating body is merely advisory to the court, which itself retains the responsibility of decision". 23 C.J.S., Criminal Law, § 940, p. 239. And even prior to the enactment of Chapter 917, Florida Statutes, the law was settled in this state that "the circuit court which has jurisdiction of the offense has ample means and power to determine the question of mental ability of the person accused to plead to the indictment and prepare his defense". State ex rel. Deeb v. Fabisinski, 111 Fla. 454, 152 So. 207, 211, 156 So. 261. In the trial of that issue "the burden is on [the accused] to show insanity, by a preponderance of the evidence", 23 C.J.S., Criminal Law, § 940, p. 240, and the trial court's ruling in such a case, being a discretionary one, should not be disturbed unless the evidence is such as to show an abuse of discretion. See Stanton v. State, 148 Fla. 732, 5 So.2d 4.
The same, and other, evidence was presented at the trial in support of the defendant's plea of not guilty by reason of insanity. Upon the evidence the jury rejected the plea and found the defendant guilty of murder in the first degree, without a recommendation to mercy.
We find no error in the verdict. When insanity at the time of committing an offense is relied on as a defense, the burden is on the defendant to raise a reasonable doubt as to whether he "had a sufficient degree of reason to know that he was doing an act that was wrong". Davis v. State, 44 Fla. 32, 32 So. 822, 826; Johnson v. State, 57 Fla. 18, 49 So. 40. The determination of the appellant's sanity, by that standard, was a question of fact to be heard, considered and decided by a jury under appropriate instructions. It has not been made to appear to this Court that in the rendition of its verdict the jury was influenced by matters dehors the record. When it appears that as reasonable men the jury could have found such a verdict from the evidence, it is the duty of this Court to uphold the verdict and judgment. Acree v. State, 153 Fla. 561, 15 So.2d 262, and cases cited.
We have examined and considered the record in this case in the light of briefs filed and the argument of counsel, and have also reviewed the evidence pursuant to sub-paragraph 2 of section 924.32, Florida Statutes 1951, F.S.A., to determine if the interests of justice require a new trial, with the result that we find no reversible error and that the evidence does not reveal that the ends of justice require a new trial to be awarded. Accordingly, the judgment appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., TERRELL, THOMAS, MATHEWS and DREW, JJ., and PATTERSON, Associate Justice, concur.