UNITED STATES of America,
Plaintiff-Appellee,

v.

Linell GRAY, Defendant-Appellant.
No. 26840.

United States Court of Appeals,
Fifth Circuit.
Jan. 20, 1970.

David E. Crawley, III (court appointed), Louisville, Miss., for defendant-appellant.

Linell Gray, pro se.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Joseph E. Brown, Jr., Asst. U. S. Attys., Jackson, Miss., for plaintiff-appellee.

Before GEWIN, COLEMAN and DYER, Circuit Judges.

DYER, Circuit Judge.

The only issue on appeal in this proceeding to revoke appellant's probation is whether the District Court abused its discretion when, after holding a hearing under 18 U.S.C.A. § 4244, it found the appellant mentally competent to understand the proceedings against him and to assist his attorney in his defense. We have concluded that there was an abuse of discretion by the District Court and we reverse.

In 1966 appellant Gray pleaded guilty to charges of violating the Internal Revenue Laws pertaining to a still and non-tax-paid whiskey. He was given a sentence of six years, five years and nine months of which were suspended, and he was placed on five years' probation.

In 1968 the Government filed a petition to revoke Gray's probation on the ground that he was then operating a still with mash and had non-tax-paid whiskey on hand. He pleaded guilty to violating his probation. Upon Gray's being questioned concerning the voluntariness of this plea, it appeared that he had previously been in a mental institution. On motion the court ordered him examined by Dr. Waldron, a psychiatrist. Dr. Waldron's written report stated that Gray was "suffering from a mental disease or disorder" known as "chronic brain syndrome", and that he was presently insane. The report went on to say that it was Dr. Waldron's "opinion that he [Gray] was presently unable to understand fully the proceedings against him and the consequences thereof, and that he is incompetent to assist in his own defense."

After receiving this report in evidence the District Court ordered Gray committed to the Medical Center for Federal Prisoners at Springfield, Missouri, for further psychiatric examination. The Psychiatric Staff there filed written findings on Gray's mental condition and concluded that Gray was "not competent to stand trial." Dr. Pasquale Ciccone, Director of the Medical Center, sent a letter to the District Court stating that the Staff's "reported findings support an adjudication by the court that the subject is so mentally ill as to be unable to assist rationally in his defense or to have a rational understanding of the proceedings against him."

In addition to this evidence Gray's wife and brother testified that they thought something was wrong with Gray.

The Government's evidence consisted of the testimony of five lay witnesses, four law enforcement officers and a United States probation officer. The Government's brief accurately summarized the testimony of these witnesses as follows:

> The law enforcement officers all testified that on prior occasions when they had arrested and been around the appellant he had always acted in a normal and rational manner. The Probation Officer likewise testified that appellant appeared normal and rational on the occasions when he had interviewed appellant and at the time he was preparing the pre-sentence report he had received some five or six letters from citizens in the appellant's community attesting to his being a good citizen but none suggested any mental problem.

The trial court found that Gray was mentally competent, revoked his probation, and imposed a five year sentence.

■■■■ The test of mental competency under 18 U.S.C.A. § 4244 is whether a defendant has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding and whether he has a rational as well as a factual understanding of the proceedings against him. Dusky v. United States, 1960, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824. The finding of whether a defendant is competent or not is a finding of fact by the trial court which may not be set aside on review unless it is clearly arbitrary or unwarranted. Feguer v. United States, 8 Cir. 1962, 302 F.2d 214, cert. denied, 371 U.S. 872, 83 S.Ct. 123, 9 L.Ed.2d 110.

It is true that expert opinion on competency is not binding on the trier of facts. *Ibid.* But it is also true that " 'while a lay witness's observation of abnormal acts by an accused may be of great value as evidence, *a statement that the witness never observed an abnormal act on the part of the accused is of value if, but only if, the witness had prolonged and intimate contact with the accused.*' " Wright v. United States, 1957, 102 U.S.App.D.C. 36, 250 F.2d 4, 10, quoting from Carter v. United States, 1957, 102 U.S.App.D.C. 227, 252 F.2d 608. (Emphasis added)

The relative weight of uninformed lay opinion and expert opinion was also considered in Fielding v. United States, 1957, 102 U.S.App.D.C. 167, 251 F.2d 878, which involved the sufficiency of the evidence to take the issue of insanity at the time of the commission of the crime to the jury. Three psychiatrists who had examined the defendant found that he was insane at the time of the crime. The Government countered this evidence with testimony from the arresting police officers and from appellant's wife and brother that he seemed to be normal. The District of Columbia Court of Appeals said:

> All of the lay testimony offered by the Government taken together was not sufficiently probative, in the face of the strong showing of insanity made by the defense, to permit reasonable jurymen to conclude beyond a reasonable doubt that appellant was sane at the time of the shooting. What we have said elsewhere about an opinion of sanity expressed by an untrained lay witness having no prolonged and intimate contact with the accused [citing Wright v. United States, *supra*] disposes of the testimony of the policemen in this case. The conclusions of normalcy and soundness of mind expressed by appellant's brother and wife, stand not much higher than those of the policemen. Both were out of touch with appellant for a considerable time until just before the

shooting and neither professed to have any training or experience in the judgment of sanity. *Id.* at 880.

We are not here concerned with precisely the same standard involved in *Wright* and *Fielding, supra, viz.,* whether the evidence was sufficient for reasonable jurymen to find that the defendant was sane at the time of the commission of the crime. Here we are concerned only with whether or not the finding of competency at the time of pleading guilty to the probation violation is clearly arbitrary or unwarranted. It may be that in a particular case, because of the fact that the standards are different in the determination of the sufficiency of evidence when insanity is raised as a defense and the determination of competency to stand trial, that the quantum of the Government's evidence of sanity at the time of the crime would not be sufficient to get the question to the jury, while a judge would be warranted on the same quantum of evidence in resolving the issue of competency to stand trial in favor of the Government. Nevertheless, we find *Wright* and *Fielding* persuasive for their teachings on the comparative qualitative value to be given evidence on incompetency which is submitted by expert witnesses on the one hand and that which is submitted by lay witnesses who have had little contact with the accused on the other.

■■■ In this case the expert testimony was unanimous that Gray was incompetent. None of the examining doctors was called to testify at the hearing; therefore, the expert testimony was unimpeached. Some of the lay testimony was also to the effect that Gray was incompetent. The only evidence to the contrary came from laymen, all of whom testified, in effect, to nothing more than that they had never observed an abnormal act on the part of Gray, and none of whom had any "prolonged and intimate contact with the accused." Wright v. United States, *supra.* Their testimony is insufficient to establish Gray's competency in the face of unimpeached ex-

pert testimony to the contrary.[1] It thus appears that on this record the District Court was not warranted in concluding that Gray was competent to understand the nature of the proceedings against him and to assist in his own defense.

An abuse of discretion having been found, the judgment is reversed.

Reversed and remanded for further proceedings not inconsistent with this opinion.

[1.] We reject the Government's contention that the expert opinions in this case are of as little value as the lay opinion because the reports containing these opinions contained little of any substantial facts upon which the opinions were based. Even if the reports were deficient in this respect the Government was not denied the opportunity to call the examining doctors as witnesses and cross examine them concerning the reports. We will not penalize Gray for a deficiency which was within the prosecution's capacity to remedy. *See* Wright v. United States, *supra* at p. 9 of 250 F.2d.