The **UNITED STATES of America**, Plaintiff-Appellee,

v.

**Ernest Mathews O'NEAL**, Defendant-Appellant.

No. 28915.

United States Court of Appeals, Fifth Circuit.

July 30, 1970.

Rehearing Denied Sept. 10, 1970.

John J. Sullivan, Savannah, Ga., for defendant-appellant.

Donald H. Fraser, U. S. Atty., Richard C. Chadwick, Asst. U. S. Atty., Savannah, Ga., R. Jackson B. Smith, Jr., U. S. Atty., So. District of Ga., Augusta, Ga., for plaintiff-appellee.

Before BROWN, Chief Judge, and GOLDBERG and CLARK, Circuit Judges.

PER CURIAM:

Recently in United States v. Pitts, 5 Cir., 1970, 428 F.2d 534 we again delved into the issue of whether the evidence on the defendant's mental competence at the time of the offense would support a judgment denying a motion for acquittal. Seeing little in this case that would distinguish it from *Pitts,* we affirm.

As did *Pitts,* this case centered around a battle of the experts. The defendant stipulated that he had committed the act of forcefully taking money from a bank. Thus the only remaining problem was the defendant's mental capacity. Under the standards of Blake v. United States, 5 Cir., 1969, 407 F.2d 908, 916, a defendant is deemed insane if:

" '(1) * * * At the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law.

'(2) As used in this Article, the terms "mental disease or defect" do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct'."

The testifying doctors are classifiable in the two distinct categories—those who thought that O'Neal was a psychotic and those that thought O'Neal was a sociopath.

As we said in *Blake* "the evidence could go either way." Here the jury found that it went against the defendant. The jury need not be bound by defendant's expert testimony, especially since there are "material variations between the experts themselves * * *." Mims v. United States, 5 Cir., 1967, 375 F.2d 135, 143. It was for the jury, not the Court. The jury could and did select among the conflicting inferences. We find nothing to disturb its judgment here.

Affirmed.