UNITED STATES of America,
Plaintiff-Appellee,

v.

David Roberto ALVAREZ, Defendant-
Appellant.

No. 71-2949

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 27, 1972.

Rehearing and Rehearing En Banc
Denied Aug. 31, 1972.

J. V. Eskenazi, Federal Public Defender, Miami, Fla. (Court appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., George A. Kokus, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

David Roberto Alvarez appeals from a judgment of conviction following a trial by a judge sitting without a jury on 11 counts of an indictment charging him with unlawfully conspiring to buy, sell and traffic in narcotic drugs in violation of 21 U.S.C. §§ 173, 174 and 26 U.S.C. §§ 7237(b), 4704(a) and 4705(a). The only issue presented on appeal is whether the government presented sufficient evidence to permit the trial court to find beyond a reasonable doubt that Alvarez was legally sane at the time he committed the offense charged. After a careful review of the record and briefs in this case we conclude that the government met its burden of proof on the issue of sanity and affirm the conviction.

---

* [1] Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

■ It is undisputed that Alvarez offered sufficient evidence to raise the issue of his sanity at the time of the offense and placed upon the government the burden of proving his sanity at the time of the offense beyond a reasonable doubt.[1] Dr. Cava testified for the defense that in his opinion Alvarez was suffering from a schizophrenic condition at the time of the offense, although he was unable to testify as to whether or not Alvarez was substantially incapable of appreciating the wrongfulness of his conduct.

In rebuttal the government offered the testimony of Dr. Fain who said that based upon his observation of Alvarez at the Medical Center for Federal Prisoners at Springfield, Missouri, he was of the opinion that there was nothing that would indicate that Alvarez did not have the ability to appreciate the wrongfulness of his conduct and to conform his conduct to the requirements of the law at the time of the offense. Two undercover government agents who had entered into narcotics transactions with Alvarez testified. One said that the actions of Alvarez were extremely cautious and somewhat shrewd. The other testified that during the transactions Alvarez was a very careful dealer and the agent considered him to be very smart.

■ The acknowledged rule in this circuit is that the questions of the *credibility* and *weight* of expert opinion testimony are for the trier of the facts, and that such testimony is ordinarily not conclusive :even where it is uncontradicted.[2] It is also true that expert opinion as to insanity rises no higher than the reasons upon which it is based,[3] and that a lay witness's statement that he never observed an abnormal act on the part of the accused is of value if, but only if, the witness had prolonged and intimate contact with the accused.[4] However the decisions have avoided attempts to establish a rule of decision for all cases of this type but have recognized that each case must be decided upon its own facts with careful attention to the weight of the evidence on each side.[5] Upon a review of the record in this case it is not clear to us that upon the evidence adduced a reasonable mind must necessarily have had a reasonable doubt as to Alvarez's legal sanity at the time of the offense.[6] Accordingly, this court will not disturb the trial judge's decision as to the credibility and weight to be given to the expert and lay testimony regarding Alvarez's legal sanity at the time of the offense and the judgment of conviction is affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

1. Mims v. United States, 375 F.2d 135 (5th Cir. 1967); Brock v. United States, 387 F.2d 254 (5th Cir. 1967).

2. Mims v. United States, 375 F.2d 135, 140 (5th Cir. 1967).

3. Nagell v. United States, 392 F.2d 934, 936 (5th Cir. 1968).

4. United States v. Gray, 421 F.2d 316 (5th Cir. 1970).

5. "The quantum and nature of proof the Government must offer to take the case to a jury varies in different situations and to some degree depends upon the quantum and nature of proof the defendant offers."
Nagell v. United States, 392 F.2d 934, 937 (5th Cir. 1968); Brock v. United States, 387 F.2d 254, 258 (5th Cir. 1967).

6. *Brock, supra* at 257; *Nagell, supra,* 392 F.2d at 937.