MAGER, Judge.
A petition for writ of habeas corpus was filed in this court by one Joseph Gravina contending that his imprisonment by Edward Stack, Sheriff of Broward County, respondent, is unlawful.[1]
Petitioner’s assertion of the illegality of his imprisonment is predicated upon his contention that the trial court’s order directing the appointment of psychiatrists to re-determine the petitioner’s mental condition before trial was contrary to Rule 3.-210, FRCrP, 33 F.S.A., because such order failed to fix a time for hearing to determine defendant’s mental condition. Petitioner urges, in effect, the existence of the requirement that the court fix a specific date for a sanity hearing as a prerequisite to incarceration under Rule 3.210.
, The court order referred to above, dated April 2, 1974, and styled “Order Appointing Psychiatrists” was entered by the trial court for the purpose of re-determining defendant’s mental condition to stand trial.[2] Although the order referred to the date on which the defendant was to be re-examined and the date upon which the findings would be submitted to the court, the order was silent with respect to the fixing of a time for a hearing to determine the defendant’s mental condition.
Rule 3.210(a)(1) provides as follows:
“Rule 3.210. Insanity
“(a) At Time of Trial.
*109 “(1) If before or during trial the Court, of its own motion, or upon motion of counsel for the defendant, has reasonable ground to believe that the defendant is insane, the Court shall immediately fix a time for a hearing to determine the defendant’s mental condition. The defendant shall designate his attorney to serve as his representative under Fla.Stat. § 394.459(11), F.S.A., in the event the defendant is found mentally incompetent. The court may appoint not exceeding three disinterested qualified experts to examine the defendant and to testify at the hearing as to his mental condition. Other evidence regarding the defendant’s mental condition may be introduced at the hearing by either party.”
The recent decision by the Supreme Court of Florida in Fowler v. State, Fla.1971, 255 So.2d 513, holds that under the specific language of this rule it is “obligatory on the court to fix a time for a hearing if there are reasonable grounds to believe that the defendant is insane . The framers of the rule . . . obviously do not regard lightly the necessity for a hearing”. The detention of a defendant for a reasonable period for the purpose of examining him and ultimately determining his mental condition is “to protect the accused — to make sure that he will be able to assist his counsel in preparing the best possible defense to the crime with which he is charged”. Daniels v. O’Connor, Fla.1971, 243 So.2d 144.[3]
In our view, it is the adherence to and compliance with the mandatory requirements of Rule 3.210 that serves as the basis upon which a reasonable detention is predicated. An order which provides for the examination of the defendant’s mental condition under Rule 3.210(a)(1) and which results in the detention of the defendant pursuant thereto presupposes that the court has found that there exists “reasonable ground to believe that the defendant is insane”; as such, the order should “immediately fix a time for a hearing to determine the defendant’s mental condition”. The failure of the court to immediately fix a time for a hearing to determine the defendant’s mental condition either in the order appointing qualified experts (or in some other supplementary order) renders unlawful the defendant’s detention.
It is not an unreasonable restraint upon the liberty of a person accused of a crime to be held in protective custody until such time as his mental condition is determined. Daniels v. O’Connor, supra. However, it would be an unreasonable restraint if the order upon which the defendant is detained does not comply with the provisions of Rule 3.210 as indicated.
It may well be unnecessary to ultimately hold a hearing to determine defendant’s mental condition if the medical reports submitted prior to the fixed date demonstrate to the satisfaction of the court that the defendant is sane; nevertheless, Rule 3.210 reqtdres that the order, upon which defendant is detained and examined immediately fix a time for such hearing.[4]
We therefore conclude the order of April 2, 1974, is void insofar as it purports to detain or otherwise restrain the liberty of the defendant.[5] Accordingly, ha-beas corpus is granted with directions to *110 discharge the defendant held pursuant to such order. Nothing herein shall be construed as passing upon any other basis for defendant’s detention not otherwise presented or considered by this court in this proceeding; nor should this opinion be construed as precluding the entry of an order complying with Rule. 3.210.
Habeas corpus granted.
CROSS and DOWNEY, JJ., concur.

. The jurisdiction of this court to entertain writs of habeas corpus is predicated upon Art. 5, Sec. 4(3), Fla.Const., F.S.A. But see footnote 5, infra.

. The defendant was charged with indecent assault upon a child and it appears that the court order calling for a re-examination of the defendant’s mental condition was predicated upon the court’s own motion (and upon the request of a court-appointed psychiatrist who had examined defendant at some prior time).

. It would appear that notwithstanding the primary purpose of the detention, i. e., to protect the accused, there exists an additional purpose to be served by such detention. If there is reasonable doubt as to the defendant’s sanity, he would potentially constitute a danger to society if he were allowed to remain at liberty until such time as his mental condition is determined.

. Should defense counsel request a hearing where none has-been provided for or should the defense counsel request that the hearing previously provided for be ultimately held it would be error not to conduct such a hearing. See Fowler v. State, supra.

.The petitioner alleged that an application for habeas corpus was filed in the circuit court before another judge of that court; the latter court apparently refusing to entertain such petition on the basis that it was without *110 jurisdiction. Recent decisions demonstrate that a circuit court is empowered under limited circumstances to review by habeas corpus the orders of courts over which the circuit court does not have appellate jurisdiction if it is shown that the order under which the person is held is illegal or void. Janes v. Heidtman, Fla.App.1973, 272 So.2d 207; State ex rel. Renaldi v. Sandstrom, Fla.App.1973, 276 So.2d 109; State ex rel. Scaldeferri v. Sandstrom, Fla.1973, 285 So.2d 409. The circuit court should have entertained the petition for habeas corpus.