**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Thomas L. PHILLIPS,**
**Defendant-Appellant.**

**No. 75–1818**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 15, 1975.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

John Volz, Federal Public Defender, New Orleans, La., (court appointed not under Act), for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Mary W. Cazalas, Robert N. Habans, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

On the morning of October 8, 1974 Gary Najeeb Solomon was driving to New Orleans Academy to attend classes. When an unmarked car behind him began to flash a blue dashboard light, he pulled his car to the side of the road, thinking that the driver of the other vehicle was a policeman. Appellant Thomas L. Phillips then approached Solomon, searched his car and purported to arrest him after finding a marihuana-like substance in the vehicle. Phillips kept Solomon in his custody until FBI agents arrested him on the afternoon of October 9, 1974, approximately thirty-two hours after the abduction. Late on the afternoon of October 8, 1974, Phillips called Solomon's father in Atlanta, Georgia demanding $1,500,000 ransom. The government prosecuted Phillips under 18 U.S.C. Section 875(a) for making that interstate ransom demand. After a jury adjudged him sane at the time of the offense and guilty, the trial judge sentenced him to twenty years imprisonment. Phillips now challenges his conviction charging that the evidence does not support the jury's finding that he was sane at the time of the offense, and that the trial judge committed reversible error in refusing to allow Phillips' counsel to testify. We affirm.

Though the government must prove the sanity of the accused, a criminal defendant is initially presumed sane. Where no evidence of insanity is introduced, the presumption suffices to carry the government's burden. *Mims v. United States,* 375 F.2d 135, 140 (5 Cir. 1967). But the presumption of sanity vanishes once slight evidence of a criminal defendant's lack of capacity is introduced at trial. The government must then prove defendant's sanity beyond a reasonable doubt. *United States v. Bass,* 490 F.2d 846 (5 Cir. 1974); *Blake v. United States,* 407 F.2d 908 (5 Cir. 1969);

*Brock v. United States,* 387 F.2d 254 (5 Cir. 1967).

In *Blake v. United States, supra,* the en banc court expressly adopted the ALI definition of criminal responsibility for use in defining insanity.

"(1) A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law.

"(2) As used in this Article, the terms 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct."

407 F.2d at 916. Appellant argues that he produced sufficient evidence of insanity at the time of the offense to rebut the initial presumption. He further contends that the government then failed to meet its burden to prove sanity beyond a reasonable doubt. We agree with the first contention, but reject the second.

The jury heard extensive testimony on the question of Phillips' sanity. Both sides presented expert witnesses, and laypersons testified to Phillips' actions before, at, and after the time of the offense. The experts agreed that Phillips suffered from some type of personality disorder, but did not feel that he suffered from any major mental illness such as schizophrenia or manic psychosis. Dr. Galese, the expert that the defense called, testified that Phllips had the potential for transient psychotic episodes and that it was *possible* that Phillips was suffering from such an episode at the time of the offense. But both Dr. Galese and Dr. Usdin, the expert called by the government, expressed the opinion that Phillips was not in the midst of any transient psychotic episode at the time of the offense. Gary Solomon testified extensively about Phillips' actions during the kidnapping episode. Other lay witnesses testified about Phillips' conduct at various times before and after the abduction.

■ The lay testimony about Phillips' penchant for unusual behavior, and the expert testimony about the possibility of transient psychotic episodes was clearly sufficient to eliminate the presumption of sanity and require the government to demonstrate beyond a reasonable doubt that Phillips was sane when he made the interstate ransom demand. *See United States v. Bass, supra.* But the expert opinion that Phillips was not in the midst of a transient psychotic episode at the time of the offense, and the extensive lay testimony, particularly that of Gary Solomon, about Phillips' actions at the time of the offense, created sufficient evidence of sanity to go to the jury. *See Blake v. United States, supra* at 911; *Nagell v. United States,* 392 F.2d 934, 937 (5 Cir. 1958). Viewing the evidence in the light most favorable to the government, *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1941), we find sufficient record support for the jury's determination of sanity at the time of the offense.

■■ Phillips also challenges the trial court's refusal to allow his attorney to testify that Phillips phoned him and claimed to be a person named "Louise." The trial judge has discretion to allow an attorney for a party to testify at trial. *United States v. Crockett,* 506 F.2d 759 (5 Cir. 1975), *petition for cert. filed,* 43 U.S.L.W. 3540 (U.S. Mar. 31, 1975) (No. 74–1252); *United States v. Buckhanon,* 505 F.2d 1079 (8 Cir. 1974). Here we find that the trial judge did not abuse his discretion in refusing to allow the attorney to testify. Other witnesses had testified to Appellant's use of the name "Louise" and the attorney's testimony did not directly relate to Appellant's mental condition at the time of the offense. Courts are reluctant to allow lawyers to testify in trials where they are advocates. *Gajewski v. United States,* 321 F.2d 261 (8 Cir. 1963), *cert. denied,* 375 U.S. 968, 84 S.Ct. 486, 11 L.Ed.2d 416 (1964). The trial judge below did not abuse his discretion in refusing to allow Phillips' lawyer to take the stand at trial.

Affirmed.