**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Raymond Edwin KOSSA,**
**Defendant-Appellant.**

**No. 76-3368.**

United States Court of Appeals,
Fifth Circuit.

Nov. 11, 1977.

Kerry P. Fitzgerald, Dallas, Tex. (Court-appointed), for defendant-appellant.

Kenneth J. Mighell, U. S. Atty., Dallas, Tex., John W. Sweeney, Jr., R. H. Wallace, Jr., Asst. U. S. Attys., Fort Worth, Tex., for plaintiff-appellee.

Before THORNBERRY, Circuit Judge, SKELTON, Senior Judge,* and HILL, Circuit Judge.

THORNBERRY, Circuit Judge:

In this appeal, defendant-appellant Kossa, a former Dallas policeman, does not contest the underpinnings of his conviction for extortion and threats of violence under 18 U.S.C. §§ 1951(a) and 844(e). Rather Kossa's primary appellate contention centers on the weight and credibility to be accorded a defendant's expert testimony when he raises an insanity defense. His claim that, on the basis of newly discovered evidence, he should receive a new trial is closely related because the evidence which came to light after Kossa's trial concerned the competency of one of the government expert witnesses.

Kossa was charged with placing two bombs in Six Flags Over Texas amusement park and then demanding a ransom for information on the location of a third bomb. After the failure of the first ransom attempt he once again telephoned the park and threatened to explode five more bombs unless money were paid. During the trial the defendant raised the question of his sanity at the time of the offense. He now contends that the testimony of his expert witnesses was not rebutted by the government and that, as a matter of law, he should have been acquitted by reason of his insanity.

This court has consistently held that the issue of the defendant's sanity, when raised as a defense to a criminal prosecution, is a question for the trier of fact, to be determined from all the evidence. *United States v. Harper*, 450 F.2d 1032 (5 Cir. 1971); *United States v. O'Neal*, 431 F.2d 695 (5 Cir. 1970); *Mims v. United States*, 375 F.2d 135 (5 Cir. 1967). The defendant, Kossa, argues that the opinion testimony of his expert witnesses was not rebutted by the government.

Our consideration of the sufficiency of the government's rebuttal must begin by noting that we will set aside a jury verdict only if the decision is unreasonable and that our review of cases involving expert witnesses and the insanity defense nec-

* Senior Judge of the United States Court of Claims, sitting by designation.

essarily proceeds on a case by case basis. *United States v. McCracken*, 488 F.2d 406 (5 Cir. 1974). The defendant called four psychiatrists who diagnosed him variously as a psychotic, paranoid state and as a paranoid schizophrenic. Three of the defendant's witnesses testified that the defendant was delusional. Dr. Tauber thought that the defendant's thinking was irrational because in Dr. Tauber's opinion Kossa irrationally feared the FBI might come into the case and because he also feared that the telephone calls would be traced. Dr. Whipple testified that the defendant was delusional and insane because he held a "false belief" that the Dallas Police Department had treated him unjustly. Dr. Snow testified that at the time of the crimes the defendant was disorganized and not functioning well.

 In *Mims v. United States, supra,* this court catalogued the ways in which the government may seek to rebut expert evidence that a defendant is insane at the time of the offense.[1] As we recognized in that opinion, expert opinion evidence may be rebutted by showing the incorrectness or inadequacy of the factual assumptions on which an opinion is based. The government's cross examination substantially undermined the factual basis of the defendant's psychiatric testimony. Dr. Tauber's opinion that the defendant was delusional because he feared the FBI's entry into the case was eroded by the government's revelation that defendant's prior allegations of police brutality while a member of the Dal-

las police force would have been investigated through the bureau. The government also revealed that Dr. Tauber's perception of the difficulty of tracing telephone calls was substantially incorrect. Dr. Whipple's belief that the defendant was delusional and held false beliefs was seriously undermined when the government's witness testified that indeed Kossa might have broken in rank because of police department politics. Testimony indicated, contrary to Dr. Snow's opinion that the defendant was disoriented, that the crime was well thought out and planned. Thus the government's case tended to prove that the assumptions on which the defense psychiatrists relied in characterizing the defendant as delusional were, in many cases, incorrect. *Cf. Nagell v. United States*, 392 F.2d 934 (5 Cir. 1968).

 The defendant's argument that he was entitled to acquittal because of the inadequacy of the government's psychiatric experts is without merit. Assuming without deciding that the government's expert witnesses were entitled to no weight at all, the prosecution could, under the rule of *Mims v. United States, supra,* effectively rebut the defense testimony. Defendant's contention appears to be that the cross examination of defense experts and the testimony of lay witnesses could not rebut the expert testimony put on by Kossa. The government put on two lay witnesses— Dennis Palmer and Roy Cross. Palmer had worked with the appellant at a trucking company after his dismissal from the police force and saw him daily during the time the

---

1. In *Mims*, the court set out the following catalogue:

 It has been recognized that expert opinion evidence may be rebutted by showing the incorrectness or inadequacy of the factual assumptions on which the opinion is based, "the reasoning by which he progresses from his material to his conclusion," the interest or bias of the expert, inconsistencies or contradictions in his testimony as to material matters, material variations between the experts themselves, and defendant's lack of cooperation with the expert. Also, in cases involving opinions of medical experts, the probative force of that character of testimo-

 ny is lessened where it is predicated on subjective symptoms, or where it is based on narrative statements to the expert as to past events not in evidence at the trial. In some cases, the cross examination of the expert may be such as to justify the trier of facts in not being convinced by him. One or more of these factors may, depending on the particular facts of each case, make a jury issue as to the credibility and weight to be given to the expert testimony; and in determining whether such issue is raised, due consideration must be given to the fact that the trier of facts has the opportunity to observe the witness if he testifies in person.

crimes were committed. Cross knew and worked with Kossa on the police force. Lay testimony that a person has never observed an abnormal act on the part of the accused is of value only if the witness has prolonged and intimate contact. *United States v. Phillips*, 519 F.2d 48 (5 Cir. 1975); *United States v. Gray*, 421 F.2d 316 (5 Cir. 1970). Palmer's testimony certainly goes beyond mere declarations of normal appearance. Palmer not only worked with the defendant but was a frequent visitor in his home during the time that the defendant perpetrated the offenses. Palmer's testimony was entitled to such weight as the jury chose to give it. The testimony of experts is not conclusive even when it is uncontradicted. *Mims v. United States, supra.* Questions of credibility and weight are for the trier of facts. *United States v. Harper, supra.* In the present case, the jury chose to believe the prosecution. We will not set aside its determination.

The defendant also contends that he should receive a new trial because Dr. Brooks, a chief government witness, was later diagnosed as suffering from mental illness himself. The trial court discounted the medical panel's diagnosis of Dr. Brooks. Whether Dr. Brooks was mentally ill the allegations that he mixed drugs and alcohol are serious. Nevertheless we reject defendant's new trial claim because even without Dr. Brooks' testimony there was sufficient evidence to sustain the jury's verdict. *Reno v. United States*, 340 F.2d 307 (5 Cir. 1965). *See generally* Wright and Miller, Federal Practice § 557 (1977). We also reject defendant's argument that the indictment was defective because it did not show that Six Flags Over Texas was primarily an interstate operation. Appellant was charged under the Hobbs Act. It is not necessary that the corporation from whom he attempted to extort money be engaged in interstate commerce. *See United States v. Nakaladski*, 481 F.2d 289 (5 Cir. 1973).

For the foregoing reasons appellant's conviction is AFFIRMED.