387 So.2d 463 (1980)
Samuel KING, Appellant,
v.
STATE of Florida, Appellee.
No. OO-104.
District Court of Appeal of Florida, First District.
August 18, 1980.
Rehearing Denied September 22, 1980.
William J. Sheppard and Stephen J. Weinbaum of Sheppard, Carithers & Weinbaum, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
King pleaded no contest to two counts of second-degree murder after the trial court found him mentally competent to stand trial on two first-degree murder charges. He *464 reserved his right to appeal the competency question. We affirm.
Appellant first contends the evidence did not justify the trial judge's ruling. A psychiatrist and a psychologist, provided by the defense, said King was incompetent. A court-appointed psychiatrist, however, believed otherwise.
The trial judge must be affirmed absent a showing he abused his discretion. Brown v. State, 69 So.2d 344 (Fla. 1954). Given the conflicting expert testimony on competency, it was the court's responsibility to resolve the disputed factual issue; the record does not reveal abuse of his discretion to weigh the evidence before him. Fowler v. State, 255 So.2d 513 (Fla. 1971).
We need not decide whether our resolution of appellant's first point would be different if the state had had the burden of showing competency. Appellant argued the state did have such a burden because he was declared legally incompetent in 1958, and his competency has never been judicially restored. In Florida, if a person is adjudicated to be mentally incompetent, it is presumed he continues to be so until it is shown his sanity has returned. Perkins v. Mayo, 92 So.2d 641 (Fla. 1957). This presumption shifts the burden of proving competency to the state. Wells v. State, 98 So.2d 795 (Fla. 1957).
We hold, however, that the burden did not shift to the state because appellant had not been previously declared incompetent. We adopt the trial judge's findings and conclusions with regard to the significance of the 1958 New York judge's order:
The defense seeks to have the State be required to carry the burden of proof to show the defendant competent because of his hospitalization at the Creedmoor State Hospital of New York pursuant to an order dated the 3rd day of November 1958, entered by the Supreme Court of Kings County, New York. That order merely required the defendant to be admitted to the Creedmoor Hospital for observation and treatment as an alleged mentally ill person for a period not to exceed 60 days. If within that period the director of the hospital certifies that the alleged mentally ill patient is in need of continued care, the order becomes final... . The records of the Creedmoor State Hospital reflect that the director of said hospital did sign such a certificate on the defendant on December 16, 1958... .
* * * * * *
From the exhibits introduced into evidence, the Court makes a finding that the defendant was not heretofore declared incompetent in 1958, although he was involuntarily committed to the hospital for observation as an alleged mentally ill patient. The evidence submitted by the defendant adequately shows there was never an adjudication of incompetency in the specific findings of the hospital. The defendant never having been adjudicated incompetent negates this Court from requiring the State to carry the burden of proving his competency.
On that basis then, the defendant under the law has the burden of carrying the proof on the issues of his incompetency to stand trial before the Court.
AFFIRMED.
MILLS, C.J., and McCORD and WENTWORTH, JJ., concur.