396 So.2d 267 (1981)
Herbert Charles WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 77-2478, 78-2295.
District Court of Appeal of Florida, Third District.
April 7, 1981.
*268 Bennett H. Brummer, Public Defender and Michael Zelman, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and BASKIN, JJ.
BASKIN, Judge.
Defendant Herbert Williams, convicted of aggravated battery in connection with an unprovoked stabbing, challenges the trial court's failure to conduct a mid-trial hearing regarding his competence to stand trial after his attorney advised the court of his refusal to testify concerning the issue of self-defense despite his previous willingness to testify. After the state rested, defense counsel requested a psychiatric evaluation, but the court denied his motion. When the defendant interrupted the trial demanding to be seen by a psychiatrist, the court threatened to have him bound and gagged if he continued his disruptive conduct. Upon the jury returning a verdict of guilty, the court ordered an evaluation. The psychiatric evaluation was conducted approximately four months after the trial. This court relinquished jurisdiction of the appeal from the conviction to permit defendant Williams to file a motion to vacate judgment and sentence. That motion was denied following an evidentiary hearing. The appeal of that denial has been consolidated with the appeal of defendant's conviction. We affirm both the conviction and the denial of the motion to vacate.
Defendant urges this court to grant him a new trial. His arguments are predicated upon Dr. Jacobson's evaluation. Defendant Williams has a long history of mental illness. He had been evaluated as incompetent by Dr. Jacobson in 1970 but was competent prior to trial. Although Dr. Jacobson believed defendant Williams was incompetent at the time of the post-trial examination, when questioned as to whether defendant Williams had been incompetent at the time of trial, he testified that "it was more likely than not, but not to any great degree more." Dr. Jacobson explained:
Very frankly, I don't think saying that he was more likely than not incompetent is a determination that he is incompetent.
The doctor testified that he could not state with certainty that defendant was incompetent at trial because defendant's incompetence during the examination conducted several months after the trial could have been the result of his incarceration. Defendant's trial counsel testified that he did not believe defendant Williams was incompetent prior to trial or during the presentation of the prosecution's case.[1] After the *269 state rested, however, defendant advised his attorney that he was hearing voices and was insane. The court considered these circumstances at the hearing on defendant's motion to vacate his conviction. The court ruled that since defendant Williams had begun the trial with a presumption of competence and since testimony had failed to disclose to a reasonable degree of psychiatric certainty that defendant was incompetent during trial, the grounds were insufficient to require the court to vacate the conviction. The court also observed that defendant's condition could have deteriorated during his incarceration following trial.
A "more likely than not" probability is insufficient to establish that defendant is entitled to a new trial. No testimony appears in the record, either from defense counsel or anyone else, to indicate that defendant lacked sufficient "present ability to consult with his lawyer with a reasonable degree of rational understanding", the burden which the accused must meet. Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); Brown v. State, 245 So.2d 68 (Fla. 1971), modified on other grounds, 408 U.S. 938, 92 S.Ct. 2870, 33 L.Ed.2d 759 (1972); Daniels v. O'Connor, 243 So.2d 144 (Fla. 1971), appeal dismissed, Daniels v. Hirshberg, 406 U.S. 902, 92 S.Ct. 1611, 31 L.Ed.2d 813 (1972); Brock v. State, 69 So.2d 344 (Fla. 1954); § 918.15(1), Fla. Stat. (1977); Fla.R.Crim.P. 3.210(a)(1).
Expert opinion on competence is not conclusive. United States v. Kossa, 562 F.2d 959 (5th Cir.1977), cert. denied, 434 U.S. 1075, 98 S.Ct. 1265, 55 L.Ed.2d 781 (1978); United States v. Fortune, 513 F.2d 883 (5th Cir.), cert. denied, 423 U.S. 1020, 96 S.Ct. 459, 46 L.Ed.2d 393 (1975); United States v. Collins, 491 F.2d 1050 (5th Cir.), cert. denied, 419 U.S. 857, 95 S.Ct. 104, 42 L.Ed.2d 90 (1974); United States v. Alvarez, 458 F.2d 1343 (5th Cir.1972).
Defendant Williams contends that he was denied due process of law by the refusal of the trial court to interrupt the trial and order an immediate evaluation and competency hearing. A hearing on the issue of defendant's ability to stand trial is obligatory if "reasonable doubt is raised as to defendant's sanity." Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); Daniels v. O'Connor, supra; Tait v. State, 362 So.2d 292 (Fla. 4th DCA 1978). Before a competency hearing is required, evidence sufficient to raise a bona fide and reasonable doubt must be presented. A naked suggestion is insufficient. Pedrero v. Wainwright, 590 F.2d 1383 (5th Cir.), cert. denied, 444 U.S. 943, 100 S.Ct. 299, 62 L.Ed.2d 310 (1979); Grissom v. Wainwright, 494 F.2d 30 (5th Cir.1974).
We hold that the grounds presented to the trial court were insufficient to require the court to interrupt the trial and conduct an immediate hearing. After the verdict was returned, an evaluation was ordered by the court. Defendant has already been afforded a full hearing on the question of his competence at trial. No necessity for a new trial has been shown.
Affirmed.
NOTES
[1] Florida Rule of Criminal Procedure 3.210(b), effective July 1, 1980, requires the court to conduct a hearing if "before or during trial" reasonable ground to believe the defendant is not competent to stand trial exists. Rule 3.210(c) requires that a written motion filed by counsel contain a certificate of counsel that the motion is made in good faith and on reasonable grounds. The certificate requirement was not in effect at the time of defendant Williams' trial.