PER CURIAM.
Arce was arrested and charged with trafficking in cocaine. He entered into plea negotiations with the state and signed an agreement whereby he would plead guilty to trafficking and submit to a polygraph examination. The parties agreed that if the test results confirmed that his responses were truthful, the state would recommend that his sentence upon conviction be substantially reduced. After the test, the polygrapher concluded that Arce had not responded truthfully. Arce then unsuccessfully sought to withdraw his guilty plea, and the trial court sentenced him according to the agreement. He again sought to set aside his plea by claiming that he was the type of individual incapable of passing a polygraph test, and, therefore, his plea was not the voluntary product of an intelligent choice. We affirm the trial court’s decision not to set aside Arce’s guilty plea.
Withdrawal of a guilty plea is not a matter of right but of discretion and will not be set aside absent a showing of abuse. Adler v. State, 382 So.2d 1298, 1300 (Fla. 3d DCA 1980). See Meaton v. United States, 328 F.2d 379 (5th Cir.1964), cert. denied, 380 U.S. 916, 85 S.Ct. 902, 13 L.Ed.2d 801 (1965). Arce has not alleged that he was incompetent, coerced, ill-advised, or that he suffered from any other infirmity in reaching his agreement with the state. Cf. Yesnes v. State, 440 So.2d 628 (Fla. 3d DCA 1983) (uncontroverted testimony of defendant and his psychologist as to defendant’s narcotics induced incompetency was sufficient to warrant allowing defendant to withdraw his plea). The question in this case was whether the defendant was a fit subject to be appropriately tested by polygraph examination. There was conflicting testimony on this point. One expert said that he was, while the defendant s psychiatrist said that he was not.
The trial judge’s order must be affirmed absent a showing he abused his discretion. Brock v. State, 69 So.2d 344 (Fla.1954). Given the conflicting expert testimony, it was the trial judge’s responsibility to resolve the disputed factual issue; the record does not reveal abuse of his responsibility to fairly weigh the evidence before him. Fowler v. State, 255 So.2d 513 (Fla.1971). Therefore, it was within the trial court's discretion to accept either expert’s opinion. See King v. State, 387 So.2d 463 (Fla. 1st DCA 1980). No manifest injustice occurred in requiring Arce to abide by the agreement he knowingly and voluntarily made. See Williams v. State, 316 So.2d 267 (Fla.1975).
Accordingly, the trial court’s decision is affirmed.