[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10302
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 27, 2010
JOHN LEY
CLERK

D.C. Docket No. 0:01-cr-06080-FAM-1

USA,

        Plaintiff - Appellee,

versus

SAINGELUS SAINGERARD,
a.k.a. Ted Wallace,
a.k.a. Tedovales Remllien,

        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 27, 2010)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

      Saingelus Saingerard appeals the revocation of his supervised release

pursuant to 18 U.S.C. § 3583(e)(3). Saingerard argues that the district court judge who presided over his revocation hearing *sua sponte* should have held a hearing to determine his competency, even though another district court judge had found Saingerard competent to stand trial for the underlying substantive offense that resulted in the revocation.

We review for abuse of discretion a district court's failure to *sua sponte* order a competency hearing. *See United States v. Williams*, 468 F.2d 819, 820 (5th Cir. 1972) (per curiam).[1] Section 4241(a) of Title 18 of the United States Code provides that:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The standard for determining competence to stand trial is whether the defendant "has sufficient present ability to consult with his lawyer with a

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995) (quoting *Dusky v. United States*, 362 U.S. 402, 402, 80 S. Ct. 788, 789 (1960)) (quotation marks omitted).  A trial court must *sua sponte* conduct a competency hearing when the information known to the court is "sufficient to raise a bona fide doubt regarding the defendant's competence." *Tiller v. Esposito*, 911 F.2d 575, 576 (11th Cir. 1990) (citations omitted).   The defendant's competency is an ongoing inquiry, and "the defendant must be competent at all stages of trial," including sentencing.  *See United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam).

We focus on three factors in deciding whether a trial court has violated a defendant's rights by failing *sua sponte* to hold a competency hearing: (1) evidence of the defendant's irrational behavior, (2) the defendant's demeanor at trial, and (3) prior medical opinions regarding the defendant's competence to stand trial.  *Medina,* 59 F.3d at 1106 (citation omitted).  This analysis focuses on what the trial court did in light of what it knew at the time of the trial or hearing.  *Tiller*, 911 F.2d at 576 (citation omitted).  "Because legal competency is primarily a function of defendant's role in assisting counsel in conducting the defense, the defendant's attorney is in the best position to determine whether the defendant's

3

competency is suspect." *Watts v. Singletary*, 87 F.3d 1282, 1288 (11th Cir. 1996) (finding that counsel's failure to raise the issue of competency is evidence that competency was not in doubt).

We have applied the same due-process standards for competency at a probation-revocation hearing as provided at a criminal trial. *See United States v. Gray*, 421 F.2d 316, 317–18 (5th Cir. 1970). Because probation and supervised release are conceptually identical, courts treat revocations the same, whether they involve probation or supervised release. *See United States v. Frazier*, 26 F.3d 110, 113–14 (11th Cir. 1994).

As an initial matter, the district court did not appear to make explicit findings on whether a competency hearing was necessary, and Saingerard's counsel did not request a competency review during the revocation hearing. Because the issue is whether the district court should have *sua sponte* ordered a competency hearing, such court findings were not necessary. The first *Medina* factor is evidence of irrational behavior. *Medina*, 59 F.3d at 1106. The district court was presented with information that Saingerard violated the conditions of his supervised release by assaulting a corrections officer, allegedly because he was afraid of being placed in general population. However, the court also knew that, despite this irrational behavior, Saingerard had been found legally competent to

assist in his defense and stand trial for the same conduct on the underlying substantive offense in violation of 18 U.S.C. § 111(c). Another piece of potential evidence of irrational behavior is that Saingerard's counsel stated that, in their conversations, Saingerard believed he was at risk because he was a government informer. The government, moreover, pointed out to the district court that Saingerard had "spit water in the face of his defense attorney. He's thrown feces - -." D.E. 52 at 4. However, not even bizarre, volatile, or irrational behavior can be equated conclusively with mental incompetence to assist in the defendant's own defense. *Medina*, 59 F.3d at 1107. Finally, Saingerard's counsel repeatedly stated that he had never had a meaningful conversation with his client. *See Watts*, 87 F.3d at 1288. However, counsel presented no specifics beyond Saingerard's belief that he was a government informant, nor did counsel present new evidence, in the form of testimony or reports, indicating that Saingerard was no longer competent.

The second *Medina* factor is the defendant's demeanor. *Medina*, 59 F.3d at 1106. Saingerard gave arguably nonsensical answers to the questions the court asked him. Saingerard talked about how his life was in danger, and how his wife fled to the Bahamas. When asked by the court what he thought should be done, Saingerard's rambling response was, "I know you are the Judge. And they trying to be judging me for something I didn't do, and the Judge is judging me." D.E. 52

5

at 13. Further, Saingerard's overall demeanor at the hearing was calm.

The third *Medina* factor is prior medical opinions regarding the defendant's competence to stand trial. *Medina*, 59 F.3d 1106. There were only a few brief mentions of the prior psychological evaluations of Saingerard. Defense counsel pointed out that "Dr. Holmes who saw him at the request of the Public Defender's office found him to be an Axis 1, truly psychotic." D.E. 52 at 8. Defense counsel further stated that "[Saingerard's] story has been totally consistent from 2001 up until the present based on my conversations with previous attorneys involved with Mr. Saingerard as well as Dr. Holmes' report." *Id.* However, defense counsel noted that the Bureau of Prisons had made "some observations that they believe that he's possibly malingering." *Id.* Defense counsel also noted to the district court that he understood "Judge Martinez's ruling on the competency hearing," but that he believed that "Dr. Holmes' report is more consistent." *Id.* at 11. Thus, the court knew that counsel understood the previous competency ruling but that counsel thought that one of the earlier pieces of evidence, Dr. Holmes's diagnosis, was more reliable. Such argument is not new evidence that a *bona fide* doubt exists that Saingerard is no longer competent. Because the district court at the revocation hearing had knowledge that Saingerard had earlier been found competent to stand trial on charges that involved the same bizarre behavior, and

6

Saingerard presented no new evidence at the revocation hearing to warrant a *sua sponte* grant of a new competency hearing, we affirm the revocation of Saingerard's supervised release.

**AFFIRMED.**