[No. 11719–0–I. Division One. August 29, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANK
V. RUELAS, *Appellant.*

*Elizabeth Selleck* of *Washington Appellate Defender
Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *James Roe,
Deputy,* for respondent.

SCHOLFIELD, J.—Frank V. Ruelas appeals the judgment
entered on his conviction of one count of assault in the sec-
ond degree, RCW 9A.36.020(1)(b).[1] We affirm.

On December 26, 1981, Seattle police officers Conner and
Gardner were dispatched to the scene of a fight between a
man and a woman. Upon arriving, the officers observed a
man and a woman standing outside of a residence, appar-

---

[1]RCW 9A.36.020(1)(b) reads:

"Every person who, under circumstances not amounting to assault in the first
degree shall be guilty of assault in the second degree when he:

". . .

"(b) Shall knowingly inflict grievous bodily harm upon another with or with-
out a weapon; . . ."

ently struggling over a child. Officer Gardner led the man, later identified as Ruelas, away from the woman and to the patrol car. The woman immediately took the child and entered the residence. Officer Conner followed the woman into the house and interviewed her there. At the patrol car, Officer Gardner began interrogating Ruelas regarding his identification and his relationship with the woman and the child. He also asked Ruelas how the woman had suffered a facial injury and whether Ruelas had struck her. Ruelas made several inculpatory statements in response to Officer Gardner's questions. He was then placed in Gardner's patrol car and a few minutes later Officer Conner came out of the house, informed Ruelas he was under arrest, and advised him of his *Miranda*[2] rights. Ruelas was subsequently charged by information with assault in the second degree.

At a CrR 3.5 hearing held to consider the admissibility of Ruelas' statements, the court found that Ruelas' statements to Officer Gardner were custodial and were not preceded by advisement of rights and concluded that those statements would be inadmissible in the State's case in chief. The court also found that the statements were voluntary and uncoerced, and therefore would be admissible for impeachment purposes during the State's rebuttal case, citing *Harris v. New York,* 401 U.S. 222, 28 L. Ed. 2d 1, 91 S. Ct. 643 (1971).

At trial, Ruelas asserted the defense of intoxication. Officer Gardner was called as a witness during the State's case in chief, and testified as follows:

Q And when you got to your patrol car, what did you do?
A I inquired of him as to what had happened.
Q Was there a conversation then?
A Yes.
Q All right. How long did the two of you talk?
A Five minutes, possibly.

---

[2]*Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966).

Q And eventually was the defendant placed under arrest?

A Yes, he was.

Q When did that occur?

A Approximately five minutes after we, five to ten minutes after we got there.

Q What precipitated that?

A Officer Conner and other officers had gone into the house and interviewed the female.

Q And they came out then?

A Officer Conner came out and indicated to me that there was going to be prosecution, and I escorted Mr. Ruelas to my car. Officer Conner went back into the house for a few minutes and then came out and advised the defendant that he was under arrest.

Q Did he advise him of his Constitutional and *Miranda* rights?

A Yes, he did.

Officer Gardner then testified to his observations of Ruelas while he was in his presence both before and after Ruelas' arrest. He testified that Ruelas did not exhibit the physical characteristics of a person who was intoxicated, that his speech was not slurred and that Ruelas was coherent and exhibited no difficulties in coordination. Ruelas' counsel did not object to any of this testimony.

Ruelas contends that, as his inculpatory statements made to Officer Gardner were properly suppressed pursuant to the doctrine of *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966), the trial judge's suppression order was violated when Officer Gardner was allowed to testify that the conversation took place. Ruelas argues that the fact of the conversation and the officer's observations of Ruelas during the conversation, as well as his statements made to Officer Gardner during the conversation, should have been excluded.

■ It is true that if physical evidence is inadmissible, testimony by officers substantially describing that evidence is also inadmissible. *State v. Melrose,* 2 Wn. App. 824, 470 P.2d 552 (1970). Evidence that a conversation occurred and that the defendant appeared to be sober during that con-

versation is not a substantial description of suppressed inculpatory statements made during that conversation.

Here, Officer Gardner did not testify to the substance of the statements, but only to the fact that a conversation took place and of his observations of Ruelas prior to, during and after that conversation. A police officer is not prohibited by *Miranda* from testifying to his observations of the demeanor and physical actions of a defendant before, during and after his arrest.[3] The trial judge did not err in admitting this testimony.

The judgment is affirmed.

WILLIAMS and RINGOLD, JJ., concur.

Reconsideration denied September 30, 1983.

Review denied by Supreme Court December 16, 1983.

---

[3] In *United States v. Hinckley,* 672 F.2d 115 (D.C. Cir. 1982), the District of Columbia Circuit Court upheld suppression of a 25-minute background interview of Hinckley conducted by FBI agents after he had requested an attorney. The suppression order included observations of the demeanor of Hinckley during the questioning. The interview was conducted nearly 5 hours after Hinckley's arrest, immediately following his attempted assassination of the President. The court concluded the questioning was an attempt to elicit incriminating responses. *Hinckley* is not a persuasive authority here because the cases are not comparable on the facts. Unlike the FBI and secret service agents in *Hinckley,* the officers here commenced questioning Ruelas with no reason to anticipate a charge would be filed or that Ruelas would plead intoxication as a defense. They had no incentive to elicit incriminating evidence.