465 So.2d 1330 (1985)
Oliver JONES, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-245.
District Court of Appeal of Florida, Third District.
March 19, 1985.
Rehearing Denied April 16, 1985.
*1331 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J.,[*] and HUBBART and JORGENSON, JJ.
PER CURIAM.
The defendant Oliver Jones appeals his judgments of conviction and sentences for sexual battery, kidnapping, aggravated battery and possession of a firearm during a felony. We affirm.
First, the trial court did not abuse its discretion in finding the defendant competent to stand trial. There was sufficient evidence adduced at the sanity hearing below upon which the trial court could have concluded, as it did, that the defendant Jones had a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and had a "rational, as well as factual, understanding of the proceedings against him." § 916.12(1), Fla. Stat. (1983); Fla.R.Crim.P. 3.210(a)(1); see Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); Lane v. State, 388 So.2d 1022 (Fla. 1980); see also Brock v. State, 69 So.2d 344 (Fla. 1954); Morejon v. State, 394 So.2d 1100 (Fla. 3d DCA 1981); King v. State, 387 So.2d 463 (Fla. 1st DCA 1980); Pressley v. State, 261 So.2d 522 (Fla. 3d DCA 1972). We do not overlook the psychiatric testimony adduced below that the defendant Jones suffered from amnesia or memory loss which impaired his ability to remember the events of the crimes charged and to assist his counsel in that respect. It is well-settled, however, that amnesia or memory loss does not in itself amount to a lack of competency to stand trial. United States v. Mota, 598 F.2d 995 (5th Cir.1979), cert. denied, 444 U.S. 1084, 100 S.Ct. 1042, 62 L.Ed.2d 770 (1980); Robbins v. State, 312 So.2d 243, 245 (Fla. 2d DCA 1975); Dykman v. State, 300 So.2d 695 (Fla. 3d DCA 1974), cert. denied, 419 U.S. 1105, 95 S.Ct. 774, 42 L.Ed.2d 800 (1975); see also United States v. Sermon, 228 F. Supp. 972 (W.D.Mo. 1964).
Second, the trial court committed no error in allowing a police officer to testify, over objection, that in his opinion the defendant was sane, based on his observations of the responsive and intelligible nature of the defendant's statements made to him during a police interrogation. Although the trial court had previously suppressed the defendant's interrogation statements as having been elicited in violation of the Miranda standards, the content of the statements and conversations was never revealed to the jury and the opinion testimony was relevant to rebut the defense of insanity. State v. Prewitt, 104 Ariz. 326, 452 P.2d 500, 507 (1969); State v. Ruelas, 35 Wash. App. 595, 668 P.2d 617 (1983); see United States v. Emery, 682 F.2d 493, 501-02 (5th Cir.1982). As the Florida Supreme Court in State v. Burwick, 442 So.2d 944, 948 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1719, 80 L.Ed.2d 191 (1984), has stated:
"In the instant case, the prosecution could have elicited testimony which would demonstrate the fact that the defendant carried on a rational and coherent conversation without specifically revealing that he chose to remain silent and assert his constitutional rights."
Third, the trial court committed no error in denying a defense motion for mistrial after a state witness [Dr. Lloyd Miller] testified in rebuttal before the jury that the *1332 defendant had previously been adjudicated delinquent as a juvenile. We reach this result because it is clear on this record that (1) the state did not deliberately elicit this testimony; (2) the defendant had previously elicited through his own witness [Dr. Stillman] that he [the defendant] had a prior criminal record for shoplifting; (3) the sole defense in the case was insanity; (4) the evidence of guilt was overwhelming as to the defendant's involvement in the crimes charged; (5) the offending testimony, although inadmissible, had no appreciable impact whatever on the outcome of the case; and (6) the defendant specifically refused a curative jury instruction which the trial court offered to give. All things considered, we agree with the trial court that the testimony was, "perhaps unfortunate, but I do not think it was critical." See Holcomb v. State, 443 So.2d 185 (Fla. 3d DCA 1983); Taylor v. State, 289 So.2d 421 (Fla. 3d DCA 1974).
Affirmed.
NOTES
[*] Chief Judge Schwartz did not hear oral argument.