642 So.2d 23 (1994)
STATE of Florida, Appellant,
v.
Eric James COOKS, Appellee.
No. 93-2701.
District Court of Appeal of Florida, Fifth District.
August 5, 1994.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Wesley Heidt, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellee.
GOSHORN, Judge.
The State appeals the order determining that the Defendant is not competent to proceed to trial "by reason of permanent organic brain damage suffered at the time of the offense alleged." The State correctly contends that the Defendant's amnesia regarding the events of the crime does not mandate that he be found legally incompetent to stand trial. See Cortes-Rivas v. State, 623 So.2d 869 (Fla. 3d DCA 1993); Jones v. State, 465 So.2d 1330 (Fla. 3d DCA 1985); Robbins v. State, 312 So.2d 243 (Fla. 2d DCA 1974), cert. denied, 327 So.2d 34 (Fla. 1976); United States v. Mota, 598 F.2d 995 (5th Cir.1979), cert. denied, 444 U.S. 1084, 100 S.Ct. 1042, 62 L.Ed.2d 770 (1980). However, that does not end our inquiry. To be competent, a defendant must have the present ability to consult with his attorney with a reasonable degree of rational understanding and have a rational as well as factual understanding of the proceedings against him. Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); Pridgen v. State, 531 So.2d 951 (Fla. 1988).
Sub judice, two experts examined the Defendant and reached contrary conclusions *24 regarding the Defendant's competency. The expert who concluded that the Defendant was incompetent to proceed cited not only the fact of the Defendant's amnesia stemming from the gunshot wound to the Defendant's brain, but also the severe damage to the Defendant's cognitive functioning.[1] This expert supported his conclusion with reference to specific observations he made during his examination of the Defendant. In short, there was sufficient competent evidence from which the trial court could properly conclude that the Defendant was not competent to proceed.
We note that the State mischaracterizes the trial court's finding as one of permanent incompetency. To the contrary, the trial court ordered the Defendant to be reevaluated every three months for one year, at which time the matter of competency could be readdressed. This procedure, in complete accordance with Florida Rule of Criminal Procedure 3.212(d), protects the State's interest in prosecuting the Defendant in the event, albeit extremely unlikely in this case, that the Defendant regains competency. After five years of reevaluations, the charges against the Defendant must be dismissed "without prejudice to the state to refile the charges should the defendant be declared competent to proceed in the future." See Fla.R.Crim.P. 3.213(a). Accordingly, there is nothing "permanent" about the court's finding of incompetency.
AFFIRMED.
W. SHARP and THOMPSON, JJ., concur.
NOTES
[1] "Cognition" is defined as "Awareness with perception, reasoning, judgment, intuition, and memory; the mental process by which knowledge is acquired." Dorland's Illustrated Medical Dictionary 379 (26th ed. 1981).