650 So.2d 1137 (1995)
Daryl Leslie LAVENDER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2700.
District Court of Appeal of Florida, Fifth District.
March 10, 1995.
James B. Gibson, Public Defender, and S.C. Van Voorhees, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kristen L. Davenport, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
AFFIRMED.
DAUKSCH, J., concurs.
COBB, J., concurs and concurs specially, with opinion.
HARRIS, C.J., dissents with opinion.
COBB, Judge, concurring specially.
I write in response to the dissent.
The defense motion for a psychiatric evaluation of Lavender was insufficient under Florida Rule of Criminal Procedure 3.210(b) and should have been summarily denied. The written motion cited three vague and indefinite grounds: the defendant's inappropriate behavior, inability to understand the adversarial system, and misplaced hostility. The motion contained no certificate of good faith and no recital of specific observations of and conversations with the defendant that formed the basis for the attorney's motion. See Fla.R.Crim.P. 3.210(b)(1). Moreover, the record in this case does not reveal an evidentiary basis to sustain an order for psychiatric evaluation. At the pretrial hearing the trial judge questioned the defendant, who stated he had never been declared incompetent, had never been treated for mental illness, and was not taking any medications. Based upon the defendant's appearance and representations, the trial judge concluded that he was competent to stand trial. Since the trial court's order for psychiatric evaluation was erroneously entered in the first place, the tacit rescission of that order cannot constitute harmful error. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
HARRIS, Chief Judge, dissenting.
Daryl Leslie Lavender was charged with sexual battery on a minor. Prior to trial, his public defender moved for a psychiatric evaluation of Lavender based on his inappropriate behavior, inability to understand the adversarial system and misplaced hostility. The court ordered the examination.
Lavender requested a speedy trial and attempted to discharge his attorney. The court conducted a Faretta hearing and determined that Lavender was incompetent to represent himself. Although the public defender advised the court that the psychiatric examination had not been completed, the court set the matter for trial, advising Lavender:
You can't have it both ways. You asked for the trial, I am going to do the best I can. The schedule is completed and as far as a trial situation, after a consultation with you, you appear to be competent and so I see no necessity to continue this over your objection, and I assume because you've requested the demand for trial, we are going to honor that request and proceed.
At trial, Lavender's behavior was so disruptive that the court warned him not to threaten the court (during opening statements) and eventually advised him that he would be bound and gagged if his conduct did not improve. Finally, after the judge refused to permit Lavender to address the jury in closing argument (because it was apparent that Lavender could not or would not control his conduct), Lavender interrupted his counsel's closing argument, stating: "And I'd like to say, I cared about Paul. I would never do anything to hurt him or any other child."
*1138 Not only did the jury convict Lavender, but the judge issued a rule to show cause why he should not be held in contempt because of his disruptive conduct. Lavender was found guilty of contempt and sentenced to five months consecutive to his prison term for the sexual battery. Lavender appeals; I would reverse.
A defendant has a fundamental right to a constitutionally adequate determination of his competency to stand trial when there is reasonable cause to believe that he is not mentally competent to proceed. Watts v. State, 593 So.2d 198 (Fla. 1992), cert. denied, ___ U.S. ___, 112 S.Ct. 3006, 120 L.Ed.2d 881 (1992).
In our case, although the court properly ordered the examination, it determined that Lavender was competent based on a short conversation with him before the examination could be completed. Events at trial proved the inadequacy of this type of mental evaluation. Where there is considerable doubt concerning a defendant's competency at the time of trial, the case should be remanded for a new trial at which time the court should conduct a pretrial hearing to determine mental competency. McCants v. State, 395 So.2d 278 (Fla. 1st DCA 1981), rev. denied, 402 So.2d 613 (Fla. 1981).