W. SHARP, Judge.
Kent appeals from his judgment and sentences for burglary,[1] kidnapping,[2] and sexual battery by use or threat of a weapon.[3] The offenses took place on October 24, 1994, when Kent broke into the victim’s home by knocking down her front door, dragging her down the hall to her bedroom, threatening her with a knife or razor, and sexually battering her. Kent argues the trial court erred in denying his motion to determine his competence to stand trial, that it erred in denying his motion for judgment of acquittal due to lack of evidence to sustain proof of a kidnapping, and that improper comments by the prosecutor during closing argument contributed to the verdicts in this case, giving cause to reverse his convictions. We affirm.
Pursuant to Florida Rule of Criminal Procedure 3.210(b), a court should set a hearing to determine a defendant’s mental condition, if it has reasonable grounds to believe the defendant is not mentally competent to proceed. The test is whether a defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a rational, as well as a factual understanding of the proceedings against him. Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); Hunter v. State, 660 So.2d 244 (Fla.1995), cert. denied, — U.S. -, 116 S.Ct. 946, 133 L.Ed.2d 871 (1996); Scott v. State, 420 So.2d 595 (Fla.1982); Calloway v. State, 651 So.2d 752 (Fla. 1st DCA 1995); State v. Cooks, 642 So.2d 23 (Fla. 5th DCA 1994).
In this case, defense counsel merely argued that Kent did not seem to understand the seriousness of the penalties that he was facing, and that he did not comprehend the strength of the state’s case against him. Further, he maintained he had no memory of *267 the events that took place in the victim’s home on October 24,1994. These are insufficient grounds to require the holding of a competency hearing. See Bush v. Wainwright, 505 So.2d 409 (Fla.), cert. denied, 484 U.S. 873, 108 S.Ct. 209, 98 L.Ed.2d 160 (1987) (learning disabilities, passive and dependent personality, and possible organic brain damage did not, when taken together, sufficiently raise a valid question as to the defendant’s competency to stand trial); James v. State, 489 So.2d 737 (Fla.1986) (possibility of organic brain damage does not necessarily mean that one is incompetent); Cooks, 642 So.2d at 23 (defendant’s amnesia regarding the crime did not mandate that he be found legally incompetent to stand trial); Jones v. State, 465 So.2d 1330 (Fla. 3d DCA 1985) (amnesia or memory loss does not in itself amount to a lack of competency to stand trial). See also Lavender v. State, 650 So.2d 1137 (Fla. 5th DCA 1995) (J. Cobb, concurring specially) (defense motion for a psychiatric evaluation insufficient under rule 3.210(b), and should have been summarily denied; motion cited three vague and indefinite grounds: the defendant’s inappropriate behavior, his inability to understand the adversarial system, and misplaced hostility; moreover, record did not reveal basis to sustain order for a psychiatric evaluation where defendant stated he had never been declared incompetent, that he had never been treated for any mental illness, was not taking any medications and his appearance and representations did not indicate he was incompetent).
Further, Kent’s conduct during the trial itself did not demonstrate reasonable grounds to question his competency. Defense counsel argued that his behavior in commenting and laughing while defense counsel cross-examined the victim, arid other testimony that Kent lived in a garbage-filled shed on his mother’s property were sufficient. Filthy living habits do not equate to incompetency. Further, defense counsel told the judge during the trial that she would speak to Kent about his behavior. After that, Kent apparently made no further inappropriate comments, which indicates Kent was aware of the proceedings and his appropriate role in them.
Even though the issue of sufficiency of the evidence to prove a kidnapping occurred may not have been sufficiently preserved or presented at trial,[4] we think the evidence adduced at trial was sufficient to establish Kent committed that crime. Section 787.01(l)(a) defines “kidnapping” to mean:
[FJorcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority, with intent to ...
* # * * sH *
2. Commit or facilitate commission of any felony;
3. Inflict bodily harm upon or to terrorize' the victim or another person ...
Because a literal construction of the kidnapping statute potentially could convert almost every forcible felony into kidnapping, the Florida Supreme Court has adopted a three-prong test to determine whether movement or confinement during the commission of another felony is sufficient to justify an additional conviction for kidnapping. For a kidnapping conviction to stand, the resulting movement or confinement: 1) must not be slight, inconsequential, and merely incidental to the other offense; 2) must not be of the kind inherent in the nature of the other offense; and 3) must have some significance independent of the other offense in that it makes the other offense substantially easier to commit or substantially lessens the risk of detection. Berry v. State, 668 So.2d 967 (Fla.1996); Walker v. State, 604 So.2d 475 (Fla.1992); Ferguson v. State, 533 So.2d 763 (Fla.1988); Faison v. State, 426 So.2d 963 (Fla.1983); Formor v. State, 676 So.2d 1013 (Fla. 5th DCA 1996).
Applying the test to the present case, the evidence appears sufficient to establish that a kidnapping occurred. First, the movement of the victim from her front door to her bedroom was not slight or merely incidental *268 to the sexual battery. Second, the movement and confinement was not of the sort inherent in the crime of sexual battery. Kent could have been convicted of sexual battery even in the absence of evidence that he had dragged the victim into her bedroom. Finally, the movement into the bedroom appears to have made the crime of sexual battery substantially easier to commit or lessened the risk of detection, since the front door had been broken down.
Since the evidence here meets the three prongs of the test, it was sufficient to support a conviction for kidnapping. See Suggs v. State, 644 So.2d 64 (Fla.1994), cert. denied, 514 U.S. 1083, 115 S.Ct. 1794, 131 L.Ed.2d 722 (1995) (evidence the defendant took the victim out of a bar at knife point was sufficient to support conviction for kidnapping); Ferguson (evidence that defendant had forced restaurant employees out of the restaurant and into back restroom was sufficient to support kidnapping conviction); Pope v. State, 646 So.2d 827 (Fla. 5th DCA 1994) (evidence sufficient to support kidnapping conviction where defendant committed robbery by taking money from victim, then took victim one block away to his truck, where defendant took victim’s food stamps).
The state also argues that the evidence was sufficient to support the weapon-enhanced offenses. The amended information charged that in committing the burglary, Kent “armed or armed himself with a dangerous weapon, to wit: a knife ...,” that during the commission of the kidnapping, he “did carry, display, use, threaten or attempt to use a weapon, to wit: a knife ...” and that in committing the sexual battery, he “used or threatened to use a deadly weapon, to wit: a knife ...”
At trial, the victim testified that her assailant threatened her and hit her with some type of object:
Q. Did he make any threats to you?
A. Yes.
Q. What type of threats?
A. He said he would kill me.
Q. "What made you think that he might do that?
A. Because he had a—something in there—in—hit me with it.
Q. What did you think it was?
A. I don’t know what it was.
Q. Okay. At the time, what did you think it was?
A. It was a razor. It was sharp as a razor.
Q. Okay. Was it like a knife?
A. Just like a knife, but I don’t know what it was. I don’t know whether it was a knife or razor or—or what, but I knew he had something.
In moving for a judgment of acquittal, the defendant admits not only the facts stated and the evidence adduced, but also every conclusion favorable to the state that a jury might reasonably infer from the evidence. Hardwick v. State, 630 So.2d 1212 (Fla. 5th DCA 1994). A reasonable inference from the victim’s testimony is that the defendant carried and threatened her with a “razor-type knife.” See Thomas v. State, 58 Fla. 122, 51 So. 410 (1910) (defendant claimed that he struck the deceased in self-defense who had threatened him with a “razor-blade knife”); Johnson v. State, 610 So.2d 581 (Fla. 1st DCA 1992), rev. denied, 623 So.2d 495 (Fla.1993) (police officer removed a “razor-type knife” from the defendant’s pocket during pat-down search).
With regard to Kent’s argument that the prosecutor’s comments unduly prejudiced the jury, we disagree. During closing argument, defense counsel criticized the victim’s testimony, suggesting that in addition to shock and fear, she was suffering from some reaction to medication or some form of dementia which made her identification of Kent as her attacker, questionable. At trial there had been evidence adduced that although the victim was only 58 years old, she had hearing and vision problems and was taking blood pressure medication at the time of the assault, which affected her as though she had a few drinks of alcohol.. She also candidly admitted she had tried to forget what had happened to her.
The prosecutor then referred to defense counsel’s argument as an attempt to persuade the jury that the victim was “dement *269 ed.” Defense counsel objected on the ground that she had said “dementia.” The prosecutor responded that “demented” is a form of dementia. The trial court ruled that the prosecutor’s remarks were fair comment on the evidence and a fair response to defense counsel’s argument. This appears to us to be the case. See, e.g., Andrews v. State, 533 So.2d 841 (Fla. 5th DCA 1988), rev. denied, 542 So.2d 1332 (Fla.1989) (prosecutor’s comment that no evidence had been presented which provided an innocent explanation, was proper response to defense counsel’s argument that there was innocent explanation for defendant’s fingerprints on victim’s window screen).
Kent also argues that the prosecutor erroneously characterized the victim’s testimony as establishing the kidnapping was carried out by Kent with the use and threat of a weapon. Defense counsel, however, did not object to these comments. A failure to object to improper prosecutorial comment precludes appellate review unless the comments are so prejudicial as to constitute fundamental error. Street v. State, 636 So.2d 1297 (Fla.1994), cert. denied, 513 U.S. 1086, 115 S.Ct. 743, 130 L.Ed.2d 644 (1995); Pacifico v. State, 642 So.2d 1178 (Fla. 1st DCA 1994). Fundamental error occurs when the comments are so inflammatory and impermissible as to vitiate the fairness of the entire proceeding. Fuller v. State, 540 So.2d 182 (Fla. 5th DCA 1989).
Here, the victim testified she thought Kent had an object, a razor or knife of some sort, that it was sharp, and he said he would use it. Again, this appears to be a fair comment on the victim’s testimony and there was no error. See Bogren v. State, 611 So.2d 547 (Fla. 5th DCA 1992), rev. dismissed, 621 So.2d 433 (Fla.1993) (prosecutor’s argument that owner of a travel agency used customers’ advances to pay his own gambling debt was a fair comment on the evidence).
Finally, Kent claims the following statements by the prosecutor improperly asserted his personal belief that Kent was guilty and told the jurors it was their duty to convict the accused for the good of society. See Pacifico, 642 So.2d at 1182. The prosecutor stated:
But, it is important that you understand the full context of these events before you allow a miscarriage of justice to occur. And make no question about it, if this man goes unanswered for what he did to that woman, it would be a miscarriage of justice.
******
The State has conviction that after you’ve heard these three days of testimony, that you don’t have any doubt that this man did these crimes.
******
People who work in the criminal justice system constantly hear the criticism, ‘The system doesn’t work. The criminal justice system doesn’t protect people.’
I remind each and everyone of you, in this case, whether or not that man faces justice for what he did is on your shoulders. And that in fact, you yourself are the system in this case. You provide the answer. Does the system work?
Again defense counsel did not object to these comments. Even if the objection had been preserved, we think the state carried its burden to show that the error was harmless. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). However, henceforth the defendant may have to assume the burden of establishing prejudicial error. § 924.051(8), Fla. Stat. (Supp.1996).
In this case, there was no dispute that the crimes in fact took place. The only dispute was whether Kent was the perpetrator. The victim identified him, although she was not absolutely positive about the identification. She testified either Kent or his brother was her assailant. Both men had worked for the victim in the past. Further, a palm print taken from the headboard of the victim’s bed where the sexual battery took place matched Kent’s and DNA evidence established Kent had raped her.
AFFIRMED.
COBB, J., concurs.
DAUKSCH, J., concurs specially with opinion.

. § 810.02(2)(a), Fla. Stat. (1993).

. § 787.01(1)(a)2, Fla. Stat. (1993)

.§ 794.011(3), Fla. Stat. (1993).

. See Morris v. State, 689 So.2d 1275 (Fla. 5th DCA 1997); Hardwick v. State, 630 So.2d 1212 (Fla. 5th DCA 1994).