907 So.2d 1277 (2005)
Brian T. SEMPIER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2601.
District Court of Appeal of Florida, Fifth District.
August 5, 2005.
James S. Purdy, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
Brian T. Sempier appeals his judgment and sentence alleging that prosecutorial misconduct requires that he be afforded a new jury trial on his charge of unarmed robbery. We agree and reverse.
*1278 Sempier was accused of having robbed his victim of a wallet and ring and fleeing the scene. The victim summoned police, described the perpetrator and a BOLO resulted in the detention of Sempier, who was found calmly walking alongside a busy roadway. Apparently, Sempier fit the general description of the perpetrator. The victim then identified Sempier while the victim sat in the back seat of a patrol car from a distance of approximately 30 feet. Sempier's alibi witnesses placed in issue whether Sempier was the perpetrator or simply someone who was found nearby who resembled the perpetrator.
Sempier argues that his conviction should be reversed because the prosecutor inter alia improperly shifted the state's burden of proof and announced her personal belief in the defendant's guilt. We agree and reverse.
It is improper for the state to shift the burden of proof in closing argument. See Hutchinson v. State, 882 So.2d 943, 953 (Fla.2004). Here, at the start of closing argument, the prosecutor pronounced:
"And just the fact that there's conflict in testimony between [the victim] and Mr. Sempier, the defendant, does not mean that it's automatically not guilty. It's whether or not you truly believe everything the defendant says."
During rebuttal closing argument, the prosecutor again argued:
"When you look at all of the testimony in this case, there may be conflicts, but the bottom line is, if you believe her testimony, that's all you need."
The prosecutor's arguments were improper as they impermissibly shifted the burden to Sempier. See, e.g., Freeman v. State, 717 So.2d 105 (Fla. 5th DCA 1998) (holding that the prosecutor impermissibly shifted the burden of proof when he told jurors that if they believed the police officers instead of the defendant, then they should find the defendant guilty and that "the question" was who they wanted to believe.); Clewis v. State, 605 So.2d 974 (Fla. 3d DCA 1992) (holding that prosecutor's argument that invited the jury to determine who was lying as the test for deciding if defendant was not guilty was improper.)
It is also improper for a prosecutor to give a personal opinion as to either the justness of the cause or the guilt or innocence of the accused. E.g., D'Ambrosio v. State, 736 So.2d 44 (Fla. 5th DCA 1999) (holding that prosecutor's repeated admonitions to the jury during closing argument to find the defendant guilty because "everyone in the courtroom knew he was guilty" improperly expressed prosecutor's opinion). Improper prosecutorial remarks can constitute reversible error when such remarks prejudice and influence the jury into finding a defendant guilty. See, e.g., Ryan v. State, 457 So.2d 1084 (Fla. 4th DCA 1984) rev. denied, 462 So.2d 1108 (Fla.1985).
At the end of her closing argument, the prosecutor asserted:
"Ladies and gentlemen, you have all the testimony that you need. He did it. He's guilty. You should convict him."
Generally, where there is overwhelming evidence of a defendant's guilt, a prosecutor's assertion that the defendant is guilty may be considered harmless. See, e.g., Kent v. State, 702 So.2d 265 (Fla. 5th DCA 1997). However, when the jury is "walking a thin line between a verdict of guilt and innocence, the prosecutor cannot be allowed to push the jury to the side of *1279 guilt with improper comments." Ryan, 457 So.2d at 1091. The prosecutor's pronouncement that Sempier "is guilty" and that "he did it," improperly injected into the jury's consideration her personal beliefs as to Sempier's guilt, and could have contributed to Sempier's conviction. See D'Ambrosio; Northard v. State, 675 So.2d 652 (Fla. 4th DCA 1996) (holding that prosecutor's comment that jury would return verdict that "reflects truth, that defendant was guilty," was not harmless because it could have resulted in juror voting to convict defendant based on a belief that defendant was not telling the truth, even if state had not met its burden of proof); Bass v. State, 547 So.2d 680 (Fla. 1st DCA 1989) (holding that prosecutor's comment that "the man is guilty" constituted prejudicial error in prosecution in which only defendant and police officer testified and gave widely divergent testimony as to events leading up to defendant's arrest).
Considering the fact that no physical evidence connects Sempier to the crime, and that important inconsistencies exist in the victim's identification of Sempier, the jury could have attached considerable significance to the prosecutor's statement regarding Sempier's guilt and been improperly influenced in rendering its verdict. See Singletary v. State, 483 So.2d 8 (Fla. 2d DCA 1985) (noting that "a prosecutor's role in our system of justice, when correctly perceived by a jury, has at least the potential for particular significance being attached by the jury to any expressions of the prosecutor's personal beliefs").
When the prejudicial conduct in its collective import is so extensive that its influence pervades the trial, gravely impairing a calm and dispassionate consideration of the evidence and merits of the jury, fundamental error can override the failure of defense counsel to make timely objections. See Silva v. Nightingale, 619 So.2d 4, 5 (Fla. 5th DCA 1993). The record in this case pits the victim's version of the events against Sempier's version and the evidence of guilt is not so overwhelming as to justify a conclusion that Sempier was not improperly prejudiced by the prosecutor's comments or that the comments were harmless. Accordingly, we find that fundamental error occurred in the instant case due to the prosecutor's improper comments at trial. Because we conclude that the cumulative effect of the prosecutor's improper comments vitiated the fairness of the trial, we vacate the judgment and sentence and remand for a new trial.
REVERSED and REMANDED.
SHARP, W., and MONACO, JJ., concur.