976 So.2d 9 (2008)
Aleem ALI, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3593.
District Court of Appeal of Florida, Fifth District.
January 18, 2008.
Rehearing Denied March 7, 2008.
*10 Charles L. Truncale, of Charles L. Truncale, P.A., Jacksonville, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
AFFIRMED.
PLEUS, J. concurs.
MONACO, J., dissents with opinion.
EVANDER, J., concurs specially with opinion.
EVANDER, J., concurring specially.
The record unquestionably establishes that the prosecutor made several improper statements in his closing argument. Because the statements were not objected to, the issue is whether the prosecutor's improper comments were so prejudicial as to constitute fundamental error. See Servis v. State, 855 So.2d 1190, 1193 (Fla. 5th DCA 2003). I conclude they were not.
Appellant was charged with two counts of sexual battery. He was convicted on the count for which he gave a written confession and acquitted on the count for which there was no confession. The prosecutor's "worst" comments related primarily to the evidence relevant to the count on which Appellant was acquitted. The prosecutor's comments regarding the evidence that related solely to the count on which Appellant was convicted, if improper, fell far short of constituting fundamental error. Thus, it appears the jury disregarded the prosecutor's misconduct in reaching its verdict. If the jury had found Appellant guilty on both counts, I would agree that a reversal would be warranted.
MONACO, J., dissenting.
This case presents us with the latest iteration in the ongoing problem of lawyers behaving badly during closing argument. Because in this instance I conclude that the actions of the prosecutor amounted to fundamental error, I would reverse and remand for a new trial.
The appellant was charged with one count of sexual activity with a child involving multiple perpetrators by penile penetration of the victim's vagina, and one count of the same crime by penile penetration of the victim's mouth. After a two day trial, he was acquitted by a jury of the first count, but convicted of the second. The only other fact that needs to be divulged to understand my concern is that although the appellant made certain admissions that he alleged were coerced by law enforcement officers, the admissions impacted only the count he was convicted of, and not the other.
By my count there were two occasions when the prosecutor, Mr. Carlos Mendoza, stepped over the permitted line during his opening statement, and at least fourteen times when he did so during his closing argument. He managed in opening statement to insinuate (over objection and motion for mistrial), that the jury should take revenge on the appellant and personally punish him as part of their societal duty. The trial court denied the mistrial, but read a curative instruction requiring the jury to disregard those comments.
During closing argument, Mr. Mendoza used pejorative terms to characterize the appellant (see, e.g., Pacifico v. State, 642 So.2d 1178 (Fla. 1st DCA 1994)); gave his personal opinion regarding either the justness of the cause or the guilt of the accused (see, e.g., Sempier v. State, 907 So.2d 1277 (Fla. 5th DCA 2005)); referred at least inferentially to opposing counsel's legal argument derogatorily (see D'Ambrosio v. State, 736 So.2d 44, 48 (Fla. 5th DCA 1999)); shifted the burden of proof to the *11 appellant (see Sempier, 907 So.2d at 1278); bolstered the credibility of the detective who purportedly coerced the appellant's admissions (see, e.g., Servis v. State, 855 So.2d 1190, 1194-97 (Fla. 5th DCA 2003)); repeatedly ridiculed the appellant's theory of defense (see Servis); and for good measure even threw in a couple of "Golden Rule" arguments. And all this in a closing argument consisting of only fifteen pages of the transcript for opening and thirteen pages for closing. If somewhere there is a check list for improper arguments, the prosecutor hit just about all of them.
I recognize that defense counsel did not object to the outrageous comments made by the prosecutor during the closing argument. I do not know why that happened. Maybe the attorney was put into that awkward position of believing that he had a strong case and not wanting to risk a mistrial. I do not wish to speculate. The fact is, there were no objections or motions for mistrial. Thus, unless these comments amount to fundamental error, the judgment and sentence must be affirmed.[1]
The test seems to be that the prosecutor's comments must either deprive the defendant of a fair and impartial trial, materially contribute to the conviction, be so harmful or fundamentally tainted as to require a new trial, or be so inflammatory that they might have influenced the jury to reach a more severe verdict than it would have reached without the comments having been made. See Spencer v. State, 645 So.2d 377, 383 (Fla.1994), cert. denied, 522 U.S. 884, 118 S.Ct. 213, 139 L.Ed.2d 148 (1997). When I read this transcript, I am not convinced that the appellant received a fair and impartial trial. Hence, I do not think that the error was harmless.
I fully appreciate the point of view articulated in the concurring opinion in this case. Judge Evander and I both agree that inappropriate comments were made by the prosecutor in his arguments. Even though Judge Evander does not conclude that the comments amounted to fundamental error, however, I do. I cannot know if the jury disregarded the prosecutor's offensive comments. Thus, if I have to err in this regard, my judgment tilts in favor of granting a new trial.
While the State agrees that it is the duty of all counsel to refrain from improper argument,[2] it suggests that Mr. Mendoza "was perhaps overly fond of using dramatic language." I think it was much more than dramatic language. I think it was unfair. I think the cumulative effect of the comments met the standard for fundamental error. I think the appellant should have a new trial.
Accordingly, I respectfully dissent.
NOTES
[1] It is difficult for a trial judge to interject himself or herself into an argument to the jury unless the other party objects and actually signals that the opponent has overstepped the bounds.
[2] See, e.g., Nowitzke v. State, 572 So.2d 1346 (Fla. 1990).