WHATLEY, Judge.
The State appeals the order finding J.D.O. incompetent to stand trial for thirteen offenses dating back to 2005, when he was eight years of age. We reverse.
“The test for whether a defendant is competent to stand trial is whether ‘he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he *81 has a rational as well as factual understanding of the proceedings against him.’ ” Evans v. State, 800 So.2d 182, 187 (Fla.2001) (quoting Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)).
The two experts who testified at the competency hearing stated that J.D.O. is competent to stand trial. Most significantly, the trial court found that J.D.O. “is competent now.” However, the court found J.D.O. incompetent to stand trial based on its further finding that he is
not competent as to the 13 pending cases which began when J.D.O. was 8 years of age, some two years ago. There is insufficient evidence that he can recall the facts of his 13 cases so that he can discuss and separate the facts of these cases with his attorney and adequately prepare a defense.
A trial court’s finding regarding a defendant’s competency is subject to the abuse of discretion standard of review. Peede v. State, 955 So.2d 480 (Fla.2007). The trial court abused its discretion in finding J.D.O. incompetent to stand trial when it specifically found that he is competent to stand trial now, which finding is supported by the experts’ testimony. The fact that J.D.O. may not be able to recall all of the facts of his cases is not the test for competency. See State v. Cooks, 642 So.2d 23, 23 (Fla. 5th DCA 1994) (“[T]he Defendant’s amnesia regarding the events of the crime does not mandate that he be found legally incompetent to stand trial.”).
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
DAVIS and VILLANTI, JJ., Concur.