PER CURIAM.
 

 Appellant, Daryl Leslie Lavender, was convicted of lewd and lascivious assault upon a child. In his direct appeal, his conviction and sentence were affirmed.
 
 Lavender v. State,
 
 650 So.2d 1137 (Fla. 5th DCA 1995) (No. 93-2700). His judgment and sentence became final on April 28, 1997, and he finished serving his 1993 sentence in 2000. At that time, Lavender was civilly committed pursuant to the Jimmy Ryce Act. § 394.910,
 
 et seq.,
 
 Fla. Stat. (2000).
 

 Since 2000, by his own admission, Lavender has extensively litigated his 1993 criminal case and his 2000 civil commitment case in several courts, state and federal. Because he appeared to be abusing the legal process as it related to his 1993 criminal case, this court issued a show cause order pursuant to
 
 State v. Spencer,
 
 751 So.2d 47, 48 (Fla.1999). In a 65-page response, Lavender advised us what he believes to be the “relevant facts” in his 1993 case, provided “record excerpts,” and took issue with all of the post-conviction rulings against him. In other words, his only response was to reargue his criminal case one more time.
 

 Lavender cannot continue to litigate in his 1993 criminal case as a method to fight against his civil commitment. As the trial court rightly points out, his motions (or the essence of their complaints) should be filed in his 2000 civil commitment case. We further observe that at the time Lavender filed the instant appeal, he had a separate appeal in his 2000 civil commitment case pending before this court.
 

 We conclude Lavender’s appeal is frivolous and an abuse of process. See
 
 Isley v. State,
 
 652 So.2d 409, 411 (Fla. 5th DCA 1995) (“Enough is enough.”). Accordingly, in order to conserve judicial resources, we prohibit Lavender from filing with this Court any further pro se pleadings concerning St. Johns County, Circuit Court Case No. CF93-883. The Clerk of this Court is directed not to accept any further pro se filings concerning this case from Lavender. Any more pleadings regarding this case will be summarily rejected by the Clerk, unless they are filed by a member
 
 *715
 
 in good standing of The Florida Bar. The Clerk of this Court is further directed to forward a certified copy of this opinion to the appropriate institution for disciplinary procedures as provided in sections 944.09 and 944.279, Florida Statutes.
 

 AFFIRMED; Future Pro Se Criminal Filings PROHIBITED; Certified Opinion FORWARDED to Department of Corrections.
 

 EVANDER, LAWSON and COHEN, JJ., concur.