SALTER, J.
Keven Constant appeals his conviction and sentence following a jury trial and verdict of guilt on a charge of robbery without possession of a firearm. We reverse and remand the case for a new trial. This is a single-eyewitness robbery case that must be retried because of mistakes by the prosecutor at trial.
The robbery occurred in April 2008 in a retail sports and shoe store. The single eyewitness was the store manager, who got a brief look at the perpetrator when he removed a rag from his face. After obtaining the contents of the register and safe by brandishing a gun, the perpetrator demanded that the store manager give him two pairs of high-end athletic shoes in size twelve as he left the store.
A store surveillance video system provided partial images of the perpetrator’s body, but not his face. There was no fingerprint or other forensic evidence to identify the perpetrator. Working with the store manager’s description of the perpetrator, a detective assembled a photo array of six photos, one of which was a photograph of the defendant. Viewing the array eleven days after the crime date, the store manager named the defendant as the perpetrator. Two other persons in the store as the robbery unfolded did not have a clear view of the perpetrator and could not identify him in the array.
During voir dire, the prosecutor asked potential jurors if they would be able to convict the defendant based upon the testimony of a single witness. A defense objection prompted the prosecutor to respond, incorrectly, that there would be more than one witness identification. The trial court ultimately denied a motion to strike the entire panel based on the prosecutor’s hypothetical.
During trial, the store manager testified that she was “110% sure” that she had correctly identified the defendant as the perpetrator, and that he was holding a gun during the robbery. The State asked the store manager if she could look at a person’s shoes and visually determine the size of the shoes, and she said she could. Asked to identify the defendant’s shoe size by looking at him in open court, the store manager initially testified that the defendant was wearing a size nine or ten. After an additional leading question by the prosecutor, she stated that the defendant’s shoes looked like a size eleven or twelve.
During closing argument, the prosecutor reminded the jury that they had “promised” to convict based on a single witness if they found that witness credible. The prosecutor also told the jury that “I do believe he [the defendant] committed this *481 crime.” The defendant was found guilty of robbery without possession of a firearm. Analysis
The defendant’s claims of error relating to voir dire and the “shoe size” testimony might not be persuasive, in isolation. But we find the additional claim of error based on improper closing argument to be well taken and dispositive, given the facts of this case and those other errors.
In Sempier v. State, 907 So.2d 1277, 1278 (Fla. 5th DCA 2005), the prosecutor concluded her closing argument by asserting “Ladies and gentlemen, you have all the testimony that you need. He did it. He’s guilty. You should convict him.” In that case, as here, the evidence of guilt was far from overwhelming, such that a prosecutor’s admonition to the jury that the defendant was guilty assumed greater significance:
Generally, where there is overwhelming evidence of a defendant’s guilt, a prosecutor’s assertion that the defendant is guilty may be considered harmless. See, e.g., Kent v. State, 702 So.2d 265 (Fla. 5th DCA 1997). However, when the jury is “walking a thin line between a verdict of guilt and innocence, the prosecutor cannot be allowed to push the jury to the side of guilt with improper comments.” Ryan [v. State ], 457 So.2d [1084] at 1091 [ (Fla. 4th DCA 1984) ]. The prosecutor’s pronouncement that Sempier “is guilty” and that “he did it,” improperly injected into the jury’s consideration her personal belief as to Sempier’s guilt, and could have contributed to Sempier’s conviction.
Id. at 1278-79.
In the case at hand, the State’s case hung on a single eyewitness’ identification from a photo array eleven days after the robbery. There was no physical evidence. The perpetrator’s face was partially covered during much of the episode. Video surveillance did not permit positive identification, and the “shoe size” testimony was equivocal. The jury’s finding that the defendant did not possess a gun during the robbery evidenced a willingness to accept some, but not all, of the store manager’s testimony. Based on this record, we cannot say that the prosecutor’s improper comments constituted harmless error beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).
Reversed and remanded for a new trial.